UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

PRESENT:

**HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF: ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER ON MOTION FOR DEFAULT JUDGMENT[30]**

Before the Court is Plaintiff Scottsdale Indemnity Company's ("Scottsdale") motion for default judgment against Defendants The Latino Coalition ("TLC") and Hector Barreto ("Barreto") (collectively, "Defendants"). Mot., Dkt. No. 30.

For the following reasons, the Court **GRANTS** the motion.

I. **BACKGROUND**

This case concerns a dispute over insurance coverage. The following factual background is taken from Scottsdale's First Amended Complaint ("FAC"). See FAC, Dkt. No. 20.

Scottsdale issued claims-made-and-reported Business and Management Indemnity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

Policy number EKI3325509 (the "Policy") to TLC effective for the period from March 20, 2020, to March 20, 2021. Id. ¶ 7. On February 20, 2020, on behalf of the U.S. Department of Justice ("DOJ"), the U.S. District Court for the Western District of Texas issued Subpoenas to Testify Before a Grand Jury ("Subpoenas") to TLC, the Hispanic Business Roundtable Institute PAC, and the Hispanic Business Roundtable Institute. Id. ¶ 20. On May 17, 2021, Defendants tendered the Subpoenas to Scottsdale under the Policy issued to TLC. Id. ¶ 21. Defendants advised that they received the Subpoenas via email on April 14, 2020, and that they retained counsel located in California to defend them with respect to the Subpoenas. Id.

On May 21, 2021, Scottsdale emailed Defendants to acknowledge receipt of their claim and advising of Scottsdale's agreement to provide a defense to Defendants under the Policy and assigned defense counsel in Southern California. Id. ¶ 23. Scottsdale asked that the Defendants' defense be transferred to assigned counsel. Id. ¶ 23. On May 25, 2021, Scottsdale again requested to transfer Defendants' defense to assigned counsel and advised the Defendants of a reservation of rights under certain Policy provisions. Id. ¶¶ 24—25. On May 27, 2021, Defendants wrote to Scottsdale to demand that either Scottsdale pay for counsel selected by Defendants or pay for independent counsel to defend Defendants with respect to the subpoenas in addition to assigned defense counsel. Id. ¶ 26. On June 1, 2021, Scottsdale requested additional documents and information from Defendants. Id. ¶ 27. On June 2, 2021, Defendants advised Scottsdale that they would not provide any additional documents and information until Scottsdale agreed to either pay for Defendants' choice of counsel or agree to pay for both assigned counsel and Defendants' chosen "independent counsel." Id. ¶ 28.

On September 15, 2021, an indictment was filed against Defendant Hector Barreto in the United States District Court Western District of Texas San Antonio Division (the "Indictment"). Id. ¶ 29. On September 24, 2021, Barreto's counsel tendered the Indictment to Scottsdale's counsel for a defense under the Policy. Id. ¶ 30. Defendants have incurred more than $75,000 in defense costs, the majority of which, were incurred prior to Defendants tendering their defense to Scottsdale. Id. ¶ 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

On October 4, 2021, Scottsdale filed its First Amended Complaint. FAC, Dkt. No. 20. To date, Defendants have not filed an answer or any other responsive pleading. On December 10, 2021, the Clerk entered default judgment against Defendants. On February 2, 2022, Scottsdale filed the current Motion for Default Judgment.

## II. Legal Standard

### A. Default Judgment

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

#### i. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies, and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

#### ii. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

*A. Procedural Requirements*

Scottsdale has satisfied the procedural requirements for a default judgment against Defendants. Scottsdale's FAC requested declaratory judgment, costs and expenses, and any other relief that the Court deems just and equitable. FAC, Prayer for Relief. The motion for default judgment seeks the same relief, absent costs and expenses, and any other relief that the Court deems just and equitable, in satisfaction of Rule 54(c). Mot. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

Scottsdale submitted a declaration in satisfaction of Local Rule 55-1. See Rojas Decl., Dkt. 30-4. The declaration states that the Clerk entered default against Defendants on December 10, 2021. Id. at 2. The default was entered based on Defendants' failure to respond to the FAC. Id. The declaration states that Defendants are not minors, are not incompetent, nor is the Servicemembers Civil Relief Act applicable. Id.

Finally, service of this motion is not required because Defendants have not made an appearance in this action. See Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."); L.R. 55-1(e) (requiring a declaration "[t]hat notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."). Therefore, Scottsdale has met the procedural requirements of a default judgment.

   B.   *Substantive Requirements*

Consideration of the Eitel factors shows that all factors either weigh in favor of a default judgment against the Defendants or are neutral. The Court finds that Scottsdale has met the substantive requirements for entry of default judgment against the Defendants.

      1.  *Possibility of Prejudice to Scottsdale*

Under the first Eitel factor, a court needs to examine whether a plaintiff will experience prejudice if the court does not grant default judgment. Eitel, 782 F.2d at 1472. Absent a default judgment, Scottsdale's dispute with Defendants concerning coverage will remain unresolved due to the Defendants' failure to appear in this action. Denying default judgment would substantially prejudice Scottsdale because it would be without any other recourse. Thus, this factor favors granting default judgment. See Seiko Epson Corp. v. Prinko Image Co. (USA), No. 17-cv-04501, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) (finding first Eitel factor weighed in favor of granting default judgment because Plaintiffs would be prejudiced "[g]iven Defendant's unwillingness to answer and defend.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    **JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

*2. Merits of Scottsdale's Substantive Claim and Sufficiency of the Complaint*

The second and third Eitel factors consider the substantive merit of the plaintiff's claim and the sufficiency of the complaint. Eitel, 782 F.2d at 1471. Taken together, they "require that a plaintiff state a claim on which it may recover." Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal quotations omitted).

Scottsdale has sufficiently pleaded a claim for declaratory relief. The Declaratory Judgment Act requires that a party seeking declaratory relief must allege (1) an actual controversy (2) regarding a matter within federal subject matter jurisdiction. 28 U.S.C. § 2201(a). Once these two requirements are met, a presumption exists that a court may hear a declaratory judgment action. Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998). Declaratory relief is often sought in actions between insurers and insureds to determine rights and obligations under an insurance policy. See United States v. Transp. Indem. Co., 544 F.2d 393, 395 (9th Cir. 1976). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1081 (1993).

Here, Scottsdale's FAC asserts a genuine controversy regarding a matter within the Court's subject matter jurisdiction. There is a real legal dispute regarding Scottsdale's duty to defend or indemnify Defendants under the Policy for the Subpoena and the Indictment. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. FAC, ¶¶ 5-6. Accepting the allegations in the FAC as true for the purposes of this motion, Scottsdale has established that it does not have an obligation to defend or indemnify the Defendants.

First, Scottsdale argues that the Defendants are not entitled to coverage with respect to the Subpoena issued to the Defendants because the definition of Claim under the Policy does not include the Subpoenas. FAC, ¶¶ 32-35. The Policy defines "Claim" to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

mean:

    a. a written demand against any Insured for monetary damages or non-monetary or injunctive relief;
    b. a civil proceeding against any Insured seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading;
    c. a criminal proceeding against any Insured, commenced by a return of an indictment or similar document, or receipt or filing of a notice of charges;
    d. an arbitration proceeding against any Insured seeking monetary damages or non-monetary or injunctive relief; or
    e. a civil, administrative or regulatory proceeding or a formal governmental investigation against any Insured commenced by the filing of a notice of charges, investigative order or similar document.

Policy, Dkt. No. 1-1, at 21. Because the Subpoena does not fall within the scope of the Policy's definition of "Claim," Scottsdale does not have a duty to defend with respect to the Subpoena. Scottsdale Ins. Co. v. MV Transportation, 36 Cal. 4th 643, 655 (2005) ("[I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance."). However, the Indictment appears to fall under subpart (c) of the claim definition.

    Second, Scottsdale argues that they are not required to pay for Defendants' independent counsel in connection with the Subpoena or the Indictment because there is no actual conflict of interest. FAC ¶¶ 36-39. Scottsdale assigned defense counsel to defend the Defendants. FAC ¶ 23. Scottsdale's reservation of rights with respect to its obligations did not create an actual conflict of interest. Accordingly, Scottsdale was not obligated to pay for Defendants' independent counsel under California Civil Code § 2860.

    Third, Scottsdale contends that the Defendants are not entitled to coverage under the Policy based on the Defendants breach of their duties to cooperate with Scottsdale in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

its claim investigation. FAC ¶¶ 40-43. Under California law, "[p]rovisions of an insurance policy that require an insured to cooperate and meet various conditions are enforceable, and the violation of such provisions by an insured may be grounds for denying a claim." Gilbert v. Infinity Ins. Co., 186 F. Supp. 3d 1075, 1085 (E.D. Cal. 2016). Here, the Policy provides that the "Insureds agree to provide the Insurer with all information, assistance and cooperation which the Insurer reasonably requests." Policy at 19. On June 1, 2021, Scottsdale requested additional documents and information from Defendants, but the Defendants refused to provide the requested documents and information. FAC ¶¶ 27-28. Because Defendants violated the provisions of the Policy by failing to cooperate with its investigation of the Subpoenas, Scottsdale may deny coverage with respect to the Subpoenas. However, Scottsdale does not allege any failure to cooperate with respect to the investigation of the Indictment.

Fourth, Scottsdale alleges that the Defendants are not covered under the Policy for defense costs incurred by the Defendants prior to its tender of the Subpoena and the Indictment to Scottsdale. Id. ¶¶ 44-47. Under the Policy, the Defendants "shall, as a condition precedent to their rights to payment . . . give Insurer written notice of any Claim as soon as practicable." Policy at 24. Accordingly, the Court holds that Scottsdale is entitle to a declaratory judgment that the Policy does not provide coverage for defense costs incurred prior to tender of the Indictment or the Subpoenas.

The FAC adequately alleges a claim for declaratory relief. Thus, the second and third Eitel factors favor granting default judgment.

### 3. Sum of Money at Stake

The fourth Eitel factor considers whether the amount of money at stake is proportional to the harm caused by the defendant. PepsiCo, 238 F. Supp. 2d at 1176. In this case, Scottsdale does not seek monetary relief, so this factor does not apply.

### 4. Possibility of Disputed Material Facts

The fifth Eitel factor considers the possibility of a dispute as to material facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     **JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

Eitel, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Since default has already been entered in this case, all facts in the complaint are taken as true. Thus, there are no genuine disputes, and this factor weighs in favor of granting the motion.

    5. *Possibility of Excusable Neglect*

The sixth Eitel factor considers whether the default was due to excusable neglect. Eitel, 782 F.2d at 1472. The possibility of excusable neglect is remote when the defendant has been properly served or is aware of the lawsuit. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

A plaintiff can properly serve an individual, corporation, partnership, or association by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); see Fed. R. Civ. P. 4(h)(1)(A) ("in the manner prescribed by Rule 4(e)(1) for serving an individual"). The California Code of Civil Procedure provides:

> [A] summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business… in the presence of a . . . person apparently in charge of his or her office, place of business . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20.

On October 18, 2021, Scottsdale properly served TLC, see Dkt. No. 24 and Barreto, see Dkt. No. 23; see also Bein v. Brechtel-Jochim Grp., Inc., 6 Cal. App. 4th 1387, 1391-92 (1992) ("Ordinarily, ... two or three attempts at personal service at a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.") (internal quotation marks and citation omitted). After two previous attempts to personally deliver the documents, the summons and FAC were left in the presence of the Defendant's receptionist who was informed of the content. See Dkt No. 23, Ex. A; Dkt. No. 24, Ex. A; see also Vasic v. Pat. Health, L.L.C., No. 13cv849, 2013 WL 12076475, at *3 (S.D. Cal. Nov. 26, 2013) ("California courts and commonly used secondary sources have found that persons 'apparently in charge' may include secretaries, receptionists, and door keepers."). Furthermore, on October 22, 2021, Scottsdale mailed the Summons, FAC and Proof of Service to Defendants at the address listed in the Proof of Service. Rojas Decl., ¶ 8.

Given the efforts of Scottsdale to serve the Defendants, possibility of excusable neglect is remote. Accordingly, this factor favors default judgment.

### 6. Policy for Deciding Cases on the Merits

The final Eitel factor recognizes that "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Where a defendant fails to answer the complaint, however, a decision on the merits is "impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177. Here, Defendants have failed to respond to the first amended complaint. Thus, this factor does not weigh against default judgment.

The Court finds that consideration of the Eitel factors supports the entry of default judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for default judgment and **ORDERS** Scottsdale to submit a revised proposed judgment consistent with this order no later than seven days after entry of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA         **JS-6**

### CIVIL MINUTES – GENERAL

| Case No. | SACV 21-00989 JVS (JDEx) | Date | March 16, 2022 |
|---|---|---|---|
| Title | Scottsdale Indemnity Company v. The Latino Coalition et al. | | |

                                                                    -    :    -

                                     Initials of Deputy Clerk    lmb

cc: